LEVI CLAY V. H. A. GREENWOOD ET AL.

[FILED NOVEMBER 23, 1892.]

1. **Chattel Mortgages:** PARTNERSHIP PROPERTY: RIGHT OF
ONE PARTNER TO MORTGAGE FOR PURCHASE MONEY. B.
and C. purchased a stallion for $625, giving their notes therefor,
signed by two sureties, and due in eighteen and thirty months.
After some delay the first note was paid by C., as was claimed,
largely from money derived from the horse. The sureties in-
sisted on the payment of both notes and the testimony shows
that B., in his own name, with the assent of C., mortgaged the
horse to G., to obtain money to pay the second note and the
money was so applied. *Held,* That G. had a lien upon the horse
for the amount of said loan and interest.

2. **Review:** OBJECTIONS TO THE FORM OF THE PLEADINGS must
be made in the trial court to be available in the supreme court.

ERROR to the district court for Gage county. Tried
below before APPELGET, J.

*Hugh J. Dobbs,* for plaintiff in error:

A mortgage of personal property by one partner in his
individual name passes no title. (Parsons, Partnership, sec.
95; *Clark v. Houghton,* 12 Gray [Mass.], 38; *Butterfield
v. Hemsely,* Id., 226; *Cummings v. Parish,* 39 Miss., 412;
*Lockwood v. Beckwith,* 6 Mich., 168; *Chapman v. Devereux,*
32 Vt., 616; *Gates v. Watson,* 54 Mo, 585.)

*Winter & Kauffman,* and *A. D. McCandless, contra:*

The mortgage was given to secure a partnership debt,
and is valid, though executed by one partner only. (*Ger-
non v. Hoyt,* 90 N. Y., 631; *Getchell v. Foster,* 106 Mass.,
42; *Winship v. Bank,* 5 Pet. [U. S.], 529–532; *Theilen v.
Hann,* 27 Kan., 778; *U. S. Bank v. Binney,* 5 Mason [U.
S.], 176; *National Bank v. Ingraham,* 58 Barb. [N. Y.],
290.)

MAXWELL, CH. J.

This is an action of replevin brought by Greenwood against Clay and Blake to recover possession of a stallion. The testimony tends to show the following facts:

On the 26th day of March, 1889, Levi Clay and M. C. Blake purchased in partnership a three-year old stallion of · E. L. Williams, at Axtell, Kansas, for $625, for which they gave two promissory notes, due respectively in eight-een and thirty months. The notes were signed by Levi Clay and M. C. Blake as principals and Ed. Oates and Peter Weir as sureties. To indemnify the sureties Clay gave them a chattel mortgage on some mules. Afterwards Blake and Clay gave a chattel mortgage to Wilson as additional security for the two original purchase notes. The horse was taken to Barneston, Nebraska, and kept in Clay's barn and bred to mares in regular course of business, during the season of 1889 and 1890. Clay managed the horse, collecting service money. In the fall of 1890 feed was scarce and Clay turned the horse over to Blake, who wintered him. Sometime after Clay gave a chattel mortgage to the sureties Oates and Weir, he gave another first mortgage on the same mules to Greenwood, and afterward, in conjunction with Greenwood, shipped the mules to Chicago and sold them; all without the knowledge and consent of Oates and Weir, who held the first mortgage. This alarmed them and they threatened to prosecute Clay for disposing of mortgaged chattels, and they insisted that the notes be paid at once and release them from liability thereon, although one note was not due until September 26, 1891. Clay turned over to these sureties money derived from the sale of the mules, nearly enough to pay the first note, and they so applied it, but required that the other note be paid also. Blake and Clay agreed that the money should be raised by mortgaging the horse, and pay off the notes and mortgage to Wilson, and release the

50

sureties. In pursuance of this agreement, and for the purpose of relieving Clay from his entanglement with the sureties, Blake went to Greenwood and borrowed $324 and gave him a chattel mortgage on the horse, signed by himself only, but represented to Greenwood that the money was to be used in paying off the notes and mortgage then on the horse, and it was so applied. About the 1st of April, 1891, in default of payment, Greenwood commenced foreclosure proceedings; took nominal possession of the horse and advertised him for sale on foreclosure, but agreed to leave the horse in the possession of Blake and Clay during the time of advertising, and arranged with Blake to hire some one to keep him during that time, and $25 out of the money realized on the sale was to be paid for such keeping. Blake told Clay that if he would keep him he could have the $25, and under this arrangement Clay took possession of the horse and when the day of sale arrived refused to give him up. Greenwood thereupon commenced this suit in justice court and by the justice it was certified to the district court, and there tried to the court without a jury. The court found for the plaintiff Greenwood and rendered judgment in his favor.

The principal contention on behalf of the plaintiff in error is, that the mortgage being signed by but one partner, does not pass the legal title, and therefore that Greenwood cannot recover. There is testimony in the record tending to show that the money was borrowed for the firm, and that the plaintiff in error assented to the execution of the mortgage; but however this may be, there is no doubt that Greenwood furnished the money to pay the second of the partnership notes and has a claim upon the property for that amount, for which with interest he is entitled to a lien on the property. It is impossible in this action to adjust the accounts between Clay and Blake, as a considerable part of the proof was directed to that purpose.

Some objection is made to the form of the pleadings, but

it should have been urged in the court below to be available in this court.     There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.