COLUMBUS STATE BANK, APPELLANT, v. GEORGE J. DOLE ET AL., APPELLEES.

FILED NOVEMBER 3, 1898. No. 8383.

Chattel Mortgages: PARTNERSHIP. A chattel mortgage given to secure a partnership debt is valid, though executed by one partner alone in his individual name, when the other member of the firm either authorized the same or subsequently acquiesced in the act.

APPEAL from the district court of Boone county. Heard below before THOMPSON, J. *Affirmed.*

*Whitmoyer & Gondring* and *Pratt & Walkup,* for appellant.

*Moudy & Rose* and *N. C. Pratt, contra.*

NORVAL, J.

This was an action by the Columbus State Bank to foreclose a chattel mortgage on a stock of merchandise executed on April 24, 1895, by G. J. Dole in the name of G. J. Dole & Son to one S. J. Green to secure the sum of $1,500 payable on demand. The mortgage was placed on record on the day of its execution, and was assigned to plaintiff. A decree was entered by the court below to foreclose the mortgage, awarding plaintiff a lien on the property junior to a lien created by a certain chattel mortgage held by the defendant Stephen T. Battles. The bank appeals.

The only controversy is over the finding of the trial court relating to the priority of the liens. The record discloses that George J. Dole and George A. Dole, in the firm name of G. J. Dole & Co., were the owners of a grain elevator at St. Edward, this state, and for several years used the same in their business of buying and selling grain. The firm became indebted to plaintiff for money borrowed, and gave the bank a note therefor signed by S. J. Green as surety. The chattel mortgage owned by the bank was given, after the debt was incurred, to indemnify Green. The grain venture of G. J. Dole & Son proved unprofitable, and in the fall of 1894 George A. Dole left St. Edward for the purpose of seeking employment elsewhere, giving George J. Dole authority to dispose of the elevator in any manner most advantageous to the firm. Several months afterwards George J. Dole traded the elevator to Elihu T. Long for the stock of goods in controversy. The latter was to re-

ceive, besides the elevator, the sum of $1,000, and was to retain possession of the goods until the sum should be realized from the sales. On April 23, 1895, a new contract was made between George J. Dole and Long, whereby the former was to, and did on said day, execute a mortgage on the merchandise, in favor of Stephen T. Battles, aggregating the sum of $1,131.15, to secure two notes of that date payable to the latter, one for $917, being the balance due Long, and the other for $214.15, representing a pre-existing debt owing by said G. J. Dole & Son to Battles. This instrument was immediately recorded, and the mortgagee at once took possession of the chattels under the terms of his mortgage, and the following day the mortgage to Green was given. There was introduced on the trial evidence tending to show that George J. Dole represented to Battles, at and prior to the execution of the mortgage to the latter, that he was the sole owner of the goods in dispute, and the mortgage on its face recites that Dole was the owner of the property therein mentioned and described. It is clear that the firm of G. J. Dole & Son, prior to the giving of these mortgages, had been dissolved by mutual consent of the parties, and that George A. Dole relinquished to George J. Dole, his father, all his interests in the firm assets. But whether the merchandise in dispute belonged to George J. Dole individually or to the firm of G. J. Dole & Son, is of no practical importance in the determination of this case, since if the goods were owned by the firm, then the mortgage to Battles was given to secure a firm indebtedness, and such mortgage having been executed and recorded one day prior to the making of the mortgage to Green, the lien of the former is superior to that of the latter. A chattel mortgage given to secure a partnership debt is valid, though executed by one partner alone in his individual name, where the other partner authorized the same, or acquiesced in the act. (*Clay v. Greenwood*, 35 Neb. 736.) The decree is sustained by sufficient evidence, and it is accordingly

AFFIRMED.